# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MARIO EDWIN PERKINS, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| DISTRICT ATTORNEY PAUL | : | CIVIL ACTION NO. |
| HOWARD, JR., Fulton County, | : | 1:11-CV-2827-TWT-JFK |
| DETECTIVE FREDRICK | : | |
| TURNER, City of Atlanta, | : | |
|    Defendants. | : | |

## MAGISTRATE JUDGE'S ORDER AND
## FINAL REPORT AND RECOMMENDATION

Plaintiff, Mario Edwin Perkins, confined in the Fulton County Jail, in Atlanta, Georgia, has submitted a pro se civil rights complaint against the Fulton County District Attorney and a City of Atlanta detective. By separate Order Plaintiff was granted in forma pauperis status, and the matter is before the Court on the complaint, (Doc. No. 1), for screening under 28 U.S.C. § 1915A.

## I.    28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who

is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks omitted) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education. . . . Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, . . .

2

or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). A plaintiff must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal law. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

Plaintiff brings his action against Fulton County District Attorney Paul Howard and City of Atlanta Detective Fredrick Turner and asserts the facts that follow. (Doc. No. 1 ¶ III). Turner questioned Plaintiff about a robbery that occurred across the street from Plaintiff's residence, admitted to Plaintiff that he knew Plaintiff was not guilty, failed to investigate Plaintiff's proof of innocence, and swore out a warrant that was not supported by probable cause. (Id. ¶ IV). In May 2011, based on that warrant, Plaintiff was detained and charged with armed robbery and aggravated assault. (Id.). The State's attorney, on behalf of District Attorney Howard, then procured an illegal indictment without presenting any evidence to the grand jury and without probable cause. (Id.). Plaintiff seeks damages and asks that the "bogus arrests be wiped from [his] record." (Id. ¶ V).

A supervisor is liable for the actions of his subordinates under § 1983 only "if he personally participates in the act that causes the constitutional violation or where there is a causal connection between his actions and the constitutional violation that his subordinates commit." AFL-CIO v. City of Miami, 637 F.3d 1178, 1190 (11th Cir. 2011). A causal connection is shown if (1) the supervisor is on notice of historical widespread abuse and has not taken corrective action, (2) the supervisor has a custom

4

or policy that resulted in the alleged violation, or (3) "facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).

A prosecutor is protected by absolute immunity from damage claims when performing as an advocate for the government. Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1279-80 (11th Cir. 2002) (stating that the prosecutorial function includes the initiation and pursuit of criminal prosecution, all court appearances, examining witnesses, and presenting evidence, and further stating, "it is clear that, even if [a prosecutor] knowingly proffered perjured testimony and fabricated exhibits at trial, he is entitled to absolute immunity from liability for doing so"). When there are adequate remedies at law (such as the ability to appeal and/or seek mandamus relief), a § 1983 plaintiff is not entitled to equitable relief against prosecutorial officials. Bolin v. Story, 225 F.3d 1234, 1242-43 (11th Cir. 2000).

Allegations of the wrongful use of legal process – including the wrongful use of the warrant process – are properly classified as a potential constitutional claim of malicious prosecution. Uboh v. Reno, 141 F.3d 1000, 1002-03 (11th Cir. 1998);

5

Whiting v. Traylor, 85 F.3d 581, 585 (11th Cir. 1996) (holding that the plaintiff's allegations – that he was unreasonably seized based on a wrongly obtained arrest warrant (an initial step in a criminal prosecution) – presented a malicious prosecution claim that would not ripen until the criminal proceedings were terminated in his favor); see also Wallace v. Kato, 549 U.S. 384, 389-90 (2007) (distinguishing malicious prosecution claims (abuse of legal process) from claims of false arrest and imprisonment that pertain to actions taken "without legal process"). The elements of a § 1983 malicious prosecution claim are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." Wood v. Kesler, 323 F.3d 872, 882 (11th Cir. 2003) (citing Uboh, 141 F.3d at 1004).

Plaintiff does not state a claim against District Attorney Howard, and Howard must be dismissed. Plaintiff's brief and unexplained assertion that a state attorney procured an indictment on behalf of District Attorney Howard is insufficient to show supervisory liability. See Mathews, 480 F.3d at 1270. Further, even if District Attorney Howard had been involved, he would be absolutely immune to a damage claim for an action such as procuring an indictment. See Rowe, 279 F.3d at 1279-80.

AO 72A
(Rev.8/82)

Additionally, any claim for injunctive relief against a prosecutor is not allowed when Plaintiff "may appeal any rulings, or actions taken, in [his] criminal cases[.]" Bolin, 225 F.3d at 1243.

Plaintiff also does not state a claim against Detective Turner. Plaintiff's allegations that Turner obtained a warrant without probable cause is properly construed as an attempt to raise a § 1983 malicious prosecution claim. However, his claim fails because Plaintiff does not show that the criminal proceedings against him have been terminated in his favor. Plaintiff's claims against Turner should be dismissed without prejudice to Plaintiff filing another action when and if the criminal proceedings are terminated in his favor.

## III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED**, pursuant to 28 U.S.C. § 1915A, that all claims against Defendant Fulton County District Attorney Paul Howard be **DISMISSED** for failure to state a claim and that all claims against Detective Fredrick Turner be **DISMISSED** without prejudice.

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO DIRECTED and RECOMMENDED** this 14th day of November, 2011.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)